UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
WILLIAM HENRY H.,

                    Plaintiff,        DECISION AND ORDER
                                               1:24-cv-05431-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In December of 2019, Plaintiff William Henry H.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on May 15, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

No. 14). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I. BACKGROUND

*A.   Administrative Proceedings*

Plaintiff applied for benefits on December 20, 2019, alleging disability beginning December 18, 2017. (T at 53, 55).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). Hearings were held on November 9, 2021, and January 12, 2022, before ALJ Laura Michalec Olszewski. (T at 1-29, 302-42).

On February 1, 2022, ALJ Olszewski issued a decision denying the application for benefits. (T at 50-66). The Social Security Appeals Council denied Plaintiff's request for review on November 4, 2022. (T at 43-49)

Plaintiff commenced an action in this Court seeking judicial review. (T at 644-50). On March 28, 2023, the Honorable Paul G. Gardephe, United States District Judge, approved a Stipulation and Order remanding this matter for further administrative proceedings. (T at 651-52). On July 26, 2023, the Appeals Council vacated ALJ Olszewski's decision and remanded the case. (T at 664-68).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

A hearing was held on February 23, 2024, before ALJ Ifeoma Iwuamadi. (T at 620-43). Plaintiff appeared with an attorney and testified. (T at 625-35). The ALJ also received testimony from Debra Horton, a vocational expert. (T at 636-42).

B.   *ALJ's Decision*

On May 9, 2024, ALJ Iwuamadi issued a decision denying the application for benefits. (T at 595-619). The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2023 (the date last insured). (T at 600). The ALJ determined that Plaintiff did not engage in substantial gainful activity between December 18, 2017 (the alleged onset date) and the date last insured. (T at 601).

The ALJ concluded that, as of the date last insured, Plaintiff's right shoulder tear, lumbar and cervical and lumbar spine herniation, hypertension, asthma, hematemesis, obesity, and gastritis were severe impairments as defined under the Act. (T at 601).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 601).

At step four of the sequential analysis, the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can perform no more than occasional bilateral overhead reaching; climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; never kneel, crouch, or crawl; never work at unprotected heights; never work with moving mechanical parts; and never operate a motor vehicle. (T at 602). The ALJ further found that Plaintiff cannot have concentrated exposure to dust, odors, fumes, and pulmonary irritants. (T at 602).

The ALJ concluded that, as of the date last insured, Plaintiff could not perform his past relevant work as a kitchen helper. (T at 611). However, considering Plaintiff's age (51 on the date last insured), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 611).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between December 18, 2017 (the alleged onset date) and March 31, 2023 (the date last insured). (T at 612).

ALJ Iwuamadi's decision is considered the Commissioner's final decision.

C.  *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on July 17, 2024. (Docket No. 1). On January 14, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 14, 15). The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings on March 14, 2025. (Docket No. 17). Plaintiff did not file a reply brief.

## II.  APPLICABLE LAW

A.  *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g).  "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

    B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff advances one main argument in support of his request for review.  He contends that the ALJ's RFC determination does not adequately address his need to avoid exposure to respiratory irritants.

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis."  *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).

When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the

8

final responsibility for deciding these issues is reserved to the Commissioner.").

Here, in pertinent part, the ALJ found that, as of the date last insured, Plaintiff retained the RFC to perform a range of light work, but could not tolerate "concentrated exposure to dust, odors, fumes, and pulmonary irritants." (T at 602). Plaintiff contends that the ALJ's assessment is contrary to the medical opinion evidence and cannot be sustained.

Dr. Caitlin Shaffer performed a consultative examination in April of 2017. Dr. Shaffer recognized Plaintiff's asthma diagnosis and opined that Plaintiff "should avoid smoke, dust, and other respiratory irritants …." (T at 409).

Dr. Silvia Aguiar performed a consultative examination in September of 2020. She also noted Plaintiff's asthma diagnosis and opined that he should "avoid smoke, dust, respiratory irritants, and other known respiratory allergens …." (T at 519-20).

The ALJ found the respiratory limitations indicated by the consultative examiners unpersuasive as they were inconsistent with, and not supported by, the evidence. (T at 610). In particular, the ALJ reviewed the record and found that Plaintiff was not completely precluded from exposure to irritants

9

and that a limitation to avoiding concentrated exposure was sufficient to account for his asthma. (T at 602, 610).

Even if one reads the consultative examiners' opinions to mean that Plaintiff must avoid *all* exposure to respiratory irritants, the Court finds the ALJ's assessment supported by substantial evidence.

In October of 2020, Dr. S. Stradley, a non-examining State Agency review physician, noted Plaintiff's treatment for asthma, but opined that he had no severe physical impairments. (T at 74-75). This conclusion was affirmed on reconsideration by Dr. R. Dickerson in April of 2021. (T at 85-88).

The ALJ found Plaintiff more limited than the State Agency review physicians, concluding that Plaintiff did have severe physical impairments and limitations in his ability to meet the physical demands of basis work activity. (T at 610).

Notably, the fact that the review physicians did not assess any respiratory restrictions provides support for the ALJ's decision. *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa*

*v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

In addition, when asked to list his disabling impairments in his application for benefits and during the administrative hearing, Plaintiff did not identify asthma or any other respiratory issues. (T at 261, 627). *See e.g., Roane v. O'Malley*, No. 22 CIV. 10704 (AEK), 2024 WL 1357845, at *6 (S.D.N.Y. Mar. 29, 2024)("Plaintiff next contends that ALJ Romeo erred by failing to find that she had a severe hip impairment. The Court disagrees. Notably, Plaintiff did not allege a hip impairment at the time she applied for benefits.").

During his April 2017 examination with Dr. Shaffer, Plaintiff reported occasional asthma symptoms "with exertion, exercise, or if he gets a cold" (Tr. 407). Plaintiff had a rescue inhaler, but allowed it to expire, had not used it "recently," and "had no emergency room visits as an adult" (Tr. 407). Upon examination, Dr. Shaffer found Plaintiff's lungs "[c]lear to auscultation," with normal percussion and diaphragmatic motion. (Tr. 408).

Plaintiff told Dr. Aguiar that he was not taking any asthma medication and that his last asthma exacerbation was more than three years before the September 2020 examination. (T at 517).  On examination, Plaintiff

11

demonstrated clear lung sounds, normal percussion, and normal diaphragmatic motion. (T at 519).

A treatment note from November of 2021 showed that Plaintiff experienced occasional coughing and was advised to "take Robitussin if he has a cold." (T at 584, 610).

During the February 2024 hearing, Plaintiff described his asthma as "okay," with occasional issues if he is "getting sick or … coughing," although it was difficult to know whether the coughing was caused by "acid reflux, GERD, or … asthma." (T at 629).

Plaintiff does not cite any treatment notes documenting significant respiratory symptoms and a review of the record fails to reveal any such documentation. (T at 524, 530, 538, 585, 866, 872, 919).

For these reasons the Court has no trouble finding that the ALJ's conclusion that Plaintiff is not completely precluded from exposure to pulmonary irritants must be sustained under the deferential standard of review applicable here. *See Paul W. H. v. Comm'r of Soc. Sec.*, No. 6:20-CV-6858 (WBC), 2022 WL 1913281, at *5 (W.D.N.Y. June 3, 2022)(ALJ reasonably concluded that claimant could occasionally tolerate environmental irritants based on medical opinion evidence and claimant's activities of daily living); *see also Sally W. on behalf of Catherine S. v. Saul,*

No. 5-19-CV0993-GTS-ML, 2020 WL 6465446, at *5 n.1 (N.D.N.Y. Sept. 25, 2020).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED; the Commissioner is GRANTED Judgment on the Pleadings, and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: June 27, 2025

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge